United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50560
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELLY HARGRAVES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-160-2
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kelly Hargraves appeals his sentence for two counts of attempting to manufacture methamphetamine. He contends that the district court erred in applying the U.S.S.G. § 2D1.1(b)(6)(C) enhancement to his sentence for creating a substantial risk of harm to the life of a minor.

Section 2D1.1(b)(6)(C) provides that if an offense involved the manufacture of methamphetamine and created a substantial risk of harm to the life of a minor or incompetent, the offense level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be increased by six levels. The guideline's commentary instructs that in determining whether the offense created a substantial risk of harm to human life or the environment, the district court shall consider the following factors: (1) the quantity of any chemicals or hazardous substances found at the laboratory and the manner in which they were stored; (2) the manner of disposal of the hazardous or toxic substances and the likelihood of their release into the environment; (3) the offense's duration and the size of manufacturing operation; and (4) the laboratory's location (e.g., whether it was located in a residential versus a remote area) and the number of human lives enduring a substantial risk of harm. § 2D1.1(b)(6)(C), comment (n.20(A)). A "minor" is defined as a person who has not yet attained the age of 18. Id. at n.20(B); § 2A3.1, comment (n.1).

Contrary to Hargraves's assertions, the presentence report (PSR) and the factual basis, which the district court relied on in applying the enhancement, clearly reflect that a minor was present in the residence while Hargraves was manufacturing methamphetamine. Hargraves's own argument at the sentencing hearing, that the minor was not present "during all the cooks," implies that the minor was present "during some of the cooks." The PSR further reflects that chemical materials were found inside the residence and also in close proximity to the residence. In light of the evidence before the district court, it cannot be said that the district court clearly erred in

applying the § 2D1.1(b)(6)(C) enhancement. <u>Cf.</u> <u>United States v. Simpson</u>, 334 F.3d 453, 457-59 (5th Cir. 2003) (court did not uphold enhancement because there was no evidence that a minor was present during the time the defendant was involved in the manufacturing process). Accordingly, Hargraves's sentence is AFFIRMED.